## BARTLETT *v.* SUTORIUS.

*(Supreme Court, General Term, First Department. June 6, 1890.)*

**ASSUMPSIT—COMPLAINT.**

Complainant alleged that plaintiff shipped goods to defendant, his agent, to sell, and that defendant collected the proceeds, and converted same to his own use. An order of arrest founded on such complaint was vacated upon appeal because the complaint did not allege, as required by Code Civil Proc. N. Y. § 549, that defendant converted money received "in a fiduciary capacity." 9 N. Y. Supp. 2. *Held,* that the complaint stated a good cause of action, though not for money received in a fiduciary capacity, and that the trial court erred in dismissing the complaint.

Appeal from circuit court, New York county.

Action by Stephen L. Bartlett against Edward Sutorius for the proceeds of certain sales alleged to have been made by defendant as plaintiff's agent. An order of arrest, granted on the ground that defendant converted money received "in a fiduciary capacity," was vacated by the general term on the ground that the complaint did not allege that defendant received the money "in a fiduciary capacity." At the trial the court dismissed the complaint under the decision of the general term vacating the order of arrest. See 9 N. Y. Supp. 2. Plaintiff appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Daniel D. Sherman,* for appellant. *Davison & Chapman,* for respondent.

VAN BRUNT, P. J. The learned judge in the court below evidently mistook the purport of the decision heretofore made in this case upon the application to vacate the order of arrest. All that the court decided upon that appeal was that, as the complaint did not contain the allegations required by section 549 of the Code, the order of arrest could not be sustained. It did not decide that the complaint does not state a good cause of action. On the contrary, the complaint contains a cause of action, but not for money received in

a fiduciary capacity.  The learned court therefore erred in dismissing the complaint, and the judgment should be reversed, and a new trial ordered, with costs to appellant to abide event.  All concur.